# SIMPSON KEMP v. STATE.

No. A-5610.   Opinion Filed July 31, 1926.
Rehearing Denied Sept. 18, 1926.
(249 Pac. 1116.)

Wright, Gill & Ramsdale, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was charged in the county court of Oklahoma county with having possession of a still. Upon arraignment, he was informed by the county court of his right to have 24 hours to plead, and to have counsel, and of the consequences of his plea.   He informed the court that he did not desire counsel, nor time to plead, and entered his plea of guilty.   The court set the following day for passing sentence.

On the following day defendant appeared with counsel, asked to withdraw his plea of guilty, and to enter a plea of not guilty. After considerable colloquy, this was denied, and the court sentenced the defendant to serve 60 days in jail, and to pay a fine of $200, from which judgment and sentence defendant duly prosecuted this appeal.

Defendant contends that the act of the Legislature under which the prosecution was had is unconstitutional, for the reason that the statute (chapter 42, Session Laws 1923-24) was enacted at a special session of the Legislature, the subject whereof was not submitted by the Governor, as required by section 7, art. 6, of the Constitution.   Said section 7, art. 6, is as follows:

"The Governor shall have power to convoke the Legislature, or the Senate only, on extraordinary occasions.   At extraordinary sessions, no subject shall be acted upon, except such as the Governor may recommend for consideration."

The extraordinary session at which the law was en-

acted was convoked on January 15, 1924, upon call of the Governor, who submitted a message of various subjects for the action and consideration of the Legislature, the twelfth of which is as follows:

"General Subject 12. The manufacture, possession or transportation of any beer, wine, distilled spirits or liquor in violation of the prohibitory law."

This is the only authority for the enactment of the law in question. It is argued that the submission of the subject of manufacture, possession, or transportation of intoxicating liquor is not broad enough to authorize the enactment of a law forbidding the possession and use of vessels to be used for the purpose of manufacture. If the subject submitted by the Governor properly includes in its broad general sense the possession of vessels and appliances, such as a still, for the manufacture of whisky as a part of its general subject-matter, the act should be held valid; otherwise it is unconstitutional as not having been submitted by the Governor. The word "subject," as used in section 7, art. 6, is used in the same sense as in section 57, art. 5, of the Constitution, which requires that every act of the Legislature shall embrace but one subject which shall be clearly expressed in its title. Construing the latter section, this court in Re Powell, 6 Okla. Cr. 495, 120 P. 1022, in considering a law for the care of delinquent and dependent children, held:

"(a) It is not necessary for the title to an act of the Legislature to embrace an abstract of its contents. It is sufficient, if the title contains a reasonable intimation of the matters under legislative consideration, to state the subject of the bill in general terms, and with fewest words, in accordance with the general custom to which the framers of the Constitution intended the Legislature to conform.

"(b) When there are numerous provisions having one general object, the title is sufficient if it fairly indicates the general purpose of the act. The details providing for the

accomplishment of such purpose are to be regarded as necessary incidents."                              ,

The Supreme Court of this state has frequently considered the latter clause of the Constitution, and its holdings are in harmony with the views just stated. Rea, etc., v. State ex rel., etc., 29 Okla. 708, 119 P. 235; In re Menefee, etc., v. State, 22 Okla. 365, 97 P. 1014; Leedy v. Brown, 27 Okla. 489, 113 P. 177; In re Lee, 64 Okla. 310, 168 P. 53, L. R. A. 1918B, 144.

In Griffin et al. v. Thomas, 86 Okla. 70, 206 P. 604, it was said: '

"In discussing constitutional provisions, such as section 57, art. 5, supra, in 25 R. C. L. § 88, p. 842, it is said:

" 'The term "subject," as used in these provisions, is to be given a broad and extended meaning, so as to allow the Legislature full scope to include in one act all matters having a logical or natural connection. If all parts of an act relate directly or indirectly to the general subject of the act, it is not open to the objection of plurality. To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects, that by no fair intendment can be considered as having any legitimate connection with or relation to each other. This constitutional provision does not contain any limitation on the comprehensiveness of the subject, which may be as comprehensive as the Legislature chooses to make it, provided it constitutes, in the constitutional sense, a single subject, and not several; it may include innumerable minor subjects, provided that all the minor subjects, when combined, form only one general subject or topic.'

"And in section 90, p. 844, Id., it is said:

" 'The "subject" of an act is the matter or thing forming the groundwork of the act which may include many parts or things, so long as they are all germane to it and are such that if traced back they will lead the mind to the subject as the generic head. There can be no surer test of compliance with the constitutional requirements of singleness of subject than that none of the pro-

visions of an act can be read as relating or germane to any other subject than the one named in the title. An act is not unconstitutional because more than one subject is contained therein where the objects are germane to the main subject, or they relate directly or indirectly to the main subject, and have a mutual connection with and are not foreign to the subject of such an act or when the provisions of the act are of the same nature and come legitimately under one subject.' "

See, also 15 R. C. L. 273 § 27; Woolen & Thornton, The Law of Intoxicating Liquors, § 187.

Here the general subject submitted by the Governor for legislative action was:

"The manufacture, possession, or transportation of any beer, wine, distilled spirits or liquor in violation of the prohibitory law."

The act (chapter 42, Session Laws 1923-24, p. 43) is entitled:

"An act relating to stills, distilleries, mash, wort, wash fit for distillation or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquor, fixing the penalty for the violation thereof, and declaring an emergency."

The act itself is cognate to the general subject of the "manufacture of beer, wine and distilled spirits or liquor ir violation of the prohibitory law." The possession of a still is a constituent part of manufacturing liquor. The legislation, therefore, is comprehended in the subject of "manufacturing distilled spirits or liquor" as submitted by the Governor under general subject No. 12.

The further contention is made that the act is void as making an innocent act, i. e., the mere possession of property, a crime. Such a contention is wholly untenable. There is no reason why having the possession of an instrument of crime may not itself be a crime. No

one has ever questioned the authority of the general government to make the possession of moulds which might be used in counterfeiting a crime. Since the manufacture of intoxicating liquor is a crime, we perceive no reason why the possession of a still such as is used in the manufacture of intoxicating liquor may not be made an offense. There is no parallel between the principle announced in the case of Proctor v. State, 15 Okla. Cr. 338, 176 P. 771, and the principle involved in this case.

Lastly, it is contended that the court abused its discretion in not permitting the defendant to withdraw his plea of guilty and to enter a plea of not guilty. Section 2621, Comp. Stat. 1921, provides that the court, before judgment, may permit a plea of guilty to be withdrawn and a plea of not guilty to be substituted. It has been the uniform holding of this court that, where a plea of guilty is entered through inadvertence, ignorance, or without deliberation, the court should be liberal in permitting it to be withdrawn and a plea of not guilty substituted. A defendant has the right to plead guilty, and such plea authorizes a judgment of conviction and imposition of punishment as prescribed by law. Where the court fails to fully advise a defendant of his rights and the consequences of his plea, and through ignorance, inadvertence, or influence a plea of guilty is entered, and application to withdraw is made before judgment, the court should permit it to be withdrawn. Here, however, the court advised defendant of his right to have counsel, and to 24 hours in which to plead, and of the penalty for violation of the prohibitory law and the consequences of his plea, and, after being so advised, defendant entered his plea of guilty. It was not an abuse of discretion for the court to deny his application to withdraw such plea and to enter a plea of not guilty. Jenkins v. State, 6 Okla. Cr. 516, 120 P. 298; Polk v. State, 26 Okla. Cr. 283, 224 P. 194; Mullen v. State, 28 Okla. Cr. 218, 230

P. 285; Hart v. State, 29 Okla. Cr. 414, 233 P. 1095; Tipton v. State, 30 Okla. Cr. 56, 235 P. 259.

Finding no error that would warrant a reversal, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.