L. T. McATEE v. STATE.

No. A-5948. Opinion Filed Jan. 14, 1928.
(262 Pac. 703.)

Geo. L. Zink and Clayton Carder, for appellant.

J. T. McIntosh, for the State.

DOYLE, P. J. This appeal is from a judgment of conviction and sentence of confinement in the penitentiary for a term of five years, rendered upon a plea of guilty, entered by appellant, L. T. McAtee, to an information charging a violation of section 1, ch. 137, Session Laws 1923, which section reads:

"It shall be unlawful for any acting managing officer of any bank organized or existing under the laws of Oklahoma to borrow, directly or indirectly, money from the bank with which he is connected; and the officer making or authorizing a loan to any person, as well as the person receiving the same, shall be deemed guilty of the larceny of the amount borrowed and shall be punished by imprisonment in the penitentiary for not less than five (5) years nor more than fifteen (15) years." Section 4127, Supp. 1926.

The information charges, in substance, that on June 9, 1923, L. T. McAtee did feloniously borrow from the Bank of Mountain View, on his personal note, the sum of $550, the said L. T. McAtee being then and there the president, director, and the active managing officer of said bank.

The record shows that on May 12, 1924, appellant appearing in person and by James R. Tolbert, his attorney, upon arraignment entered a plea of not guilty with the understanding that a demurrer to the information was thereafter to be filed and considered. Thereafter the cause was assigned for trial on May 15, 1925. On said date appellant appearing in person and by Tolbert, Hunter & Tolbert, and W. C. Stevens, his attorneys, the state appearing by C. G. Bass, county attorney of Kiowa county, and by J. T. McIntosh, attorney for the state banking

board, asked leave to withdraw his plea of guilty for the purpose of considering the demurrer filed as aforesaid. The court permitted the withdrawal of the plea of not guilty, and after the presentment and argument on the demurrer the court overruled the same and also directed the clerk to enter the former plea of not guilty. Counsel for appellant asked time to confer and later announced to the court that it had been agreed that appellant enter a plea of guilty, and moved to withdraw the plea of not guilty and enter a plea of guilty, which motion was granted. The court then fixed the 15th day of June, 1925, as the time for pronouncing judgment and sentence upon the plea of guilty entered as aforesaid. On June 6, 1925, appellant filed his application to be permitted to withdraw his plea of guilty and substitute a plea of not guilty, which application duly verified is as follows:

"Comes now the defendant, L. T. McAtee, in his own proper person, and asks that he be permitted by this court to withdraw his plea of 'guilty' of the charge preferred by information in the above-entitled cause, and be allowed to substitute a plea of 'not guilty' to such charge.

"The defendant, L. T. McAtee, gives the court to be informed that the defendant is charged in the above-entitled cause with a felony, the offense of grand larceny, by borrowing money of the Bank of Mountain View, of Mountain View, Okla., while an officer and director of said bank; that said plea of guilty to the information in the above-entitled cause was entered on the 15th day of May, 1925, at which time the court deferred the passing of sentence upon such plea of guilty, until the 15th day of June, 1925, at which time the court advised would be the date for the entering of the judgment and sentence under said plea of guilty in the above-entitled cause; and the defendant gives the court to be informed that such plea of guilty was entered under the following circumstances:

"That the defendant at the time was represented by James R. Tolbert, of Hobart, Okla., and W. C. Stevens, of Lawton, Okla., as his attorneys, and that the state of Oklahoma was represented by J. T. McIntosh, attorney for the

banking department of the state of Oklahoma, and C. G. Bass, county attorney of Kiowa county, Okla.

"That there was a consultation between counsel on both sides of the case, which was held in the office of the county attorney, and that thereafter the defendant was called into the same room, and there the defendant's counsel advised the defendant that he had no defense in the above-entitled cause, and that they were not in a position to go into the courtroom and fight the case and would not do so, and that the counsel of the defendant there advised the defendant to plead guilty under an arrangement that they had made with counsel for the state of Oklahoma, that a minimum sentence of five years would be recommended, and all other cases against the defendant, three in number, then pending in the district court of Kiowa county, Okla., would be dismissed, and that a pardon could be secured for the defendant, and that if the defendant went into the trial of the cases against him, that he would get ten years for each case, and that the defendant was influenced solely and wholly by his counsel in the matter of the entering of said plea of guilty; and these facts the defendant is ready to prove, if granted leave for the purpose.

"That at the time the defendant came to Hobart, he came with the expectation of going into trial, and with no expectation of entering a plea of guilty, and that the defendant believes he had a good defense in the above-entitled cause, and one for which he should be accorded the right of a trial by jury, and that to this end he should be permitted, before the entering of judgment and sentence, to withdraw his plea of guilty, and substitute therefor a plea of not guilty."

On June 15th, the date fixed by the court for sentence, appellant appeared in person and with new counsel, George L. Zink and Clayton Carder, and presented to the court his application to be permitted to withdraw his plea of guilty and substitute therefor a plea of not guilty. The court thereupon heard the testimony of appellant, and his former attorneys, and having heard argument of counsel overruled said application and allowed exception. On the same day appellant filed his motion for a new trial, which was heard and considered by the court and by the court overruled.

The court then proceeded to pronounce judgment and sentence upon the plea of guilty as aforesaid.

The errors assigned and argued present but one question, that is, whether the court erred in denying appellant's application for leave to withdraw his plea of guilty and to enter a plea of not guilty.

Our Code of Criminal Procedure provides:

"The court may, at any time, before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." Section 2621, C. S. 1921.

It is a well-settled doctrine in this state that the granting or denying of permission to withdraw a plea of guilty, and to substitute a plea of not guilty, is a matter within the sound discretion of the trial court, and its action must be upheld unless an abuse of such discretion clearly appears. Rudolph v. State, 32 Okla. Cr. 265, 240 P. 761.

We shall not undertake to detail the testimony taken in support of the application. It is shown by the testimony that after the conference of appellant with his attorneys, they sounded out counsel for the state as to what would be recommended in the event of a plea of guilty, and after discussing the matter at some length counsel for the state proposed that in the event appellant entered a plea of guilty the state would recommend the minimum sentence of five years in one case and dismiss the other three cases pending against appellant, when he was delivered to the warden of the state penitentiary.

Appellant and his counsel finally agreed that he would plead guilty and take five years in the penitentiary without recommendation of any kind as to any pardon or parole.

It will be observed that appellant in his application for permission to withdraw his plea of guilty nowhere alleges any state of facts that would show a defense. All he says in regard to the same is that he "believes he has a

good defense." If appellant was not the active managing officer of the bank, and if he had not borrowed the money from the bank, those facts would have been set up in the application. If he had any defense his counsel no doubt would have shown the same to support his plea that he had been misled by his former counsel and by counsel for the state.

It appears from the record that the preliminary complaint was filed on January 7, 1924, before the judge of the county court, and on the following day the action was continued for the reason that "James R. Tolbert, chief counsel for said defendant, L. T. McAtee, is serving as a member of the Legislature," and that on April 21, 1924, appellant and his counsel, Judge Tolbert, appeared before the committing magistrate and waived his preliminary examination. It appears also from the record that on May 15, 1925, when the plea of guilty was entered, there was a jury present to try the case, and on June 15, 1925, the date of sentence, there was no jury present. It follows that if appellant by discharging his former counsel could withdraw his plea of guilty, he could force a continuance until the next jury term of the court.

When it is considered that appellant and his counsel fully considered the proposition as made by counsel for the state, and that the recommendations of the state were accepted by the court, it cannot be doubted that appellant's plea was entered voluntarily, with full knowledge and understanding of the nature and consequences of such plea.

No legal questions are presented by the record. In a criminal action a defendant has the right to plead guilty, and the effect of such a plea is to authorize a judgment of conviction and imposition of punishment as prescribed by law.

This court, in Jenkins v. State, 6 Okla. Cr. 516, 120 P. 298, said:

"The provisions of the Bill of Rights in no way abrogate the ancient and well-established rule of the common law, and the provisions of our statute, that a conviction may be had upon a plea of guilty, which under the law can in no case be put in except by the defendant himself in open court. The defendant had a constitutional right of trial by jury, or, the state consenting, a trial by the court. He was not deprived of this right, but voluntarily relinquished it by entering a plea of guilty. The right of trial by jury is purely a personal right and privilege that may be waived by the defendant."

In conclusion, we simply add that the most careful examination of the record has revealed nothing that gives us the right to say that the interests of justice require a reversal of the conviction.

The judgment appealed from herein is accordingly affirmed.

EDWARDS and DAVENPORT, JJ., concur.