HENRY FIELDS et al. v. STATE.

No. A-7762.   Opinion Filed April 4, 1931.
(297 Pac. 822.)

Waldrep, Winterringer & Akin, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter called defendants, entered their plea of guilty to the unlawful possession of a still, and the defendant Henry Fields was sentenced by the court to pay a fine of $400 and be imprisoned in the county jail for a period of three months, and the defendant P. D. Campbell was sentenced to pay a fine of $500 and be imprisoned in the county jail for six months.

The defendants were arrested on the 2d day of March, 1930, and arraigned in the county court of Pottawatomie county on the 3d day of March, 1930, at 9 o'clock a. m., at which time the county attorney read the information to the defendants, and the court thereupon advised the defendants of their statutory and constitutional rights in the premises.

The defendant Campbell immediately entered his plea of guilty to the charge; the defendant Fields asked until noon to decide how to plead, and the court granted him until 11:30; thereupon the defendants were taken from the courtroom by the officers, and within the next few minutes the defendant Fields returned to the courtroom and advised the court that he desired to enter a plea of guilty. Thereupon such pleas were accepted by the court and judgment pronounced as above set out. The defendants were thereupon committed to the county jail by the sheriff.

On the 10th day of March, 1930, the defendants, through their counsel, filed a motion for leave to withdraw their pleas of guilty and enter a plea of not guilty. Defendant Campbell makes no claim that he did not understand the entire proceeding, but the defendant Fields claims he misunderstood the court, and that a federal officer threatened to take him to Oklahoma City and file a federal charge against him if he did not enter a plea of guilty. The defendants explain their move to withdraw their plea of guilty by saying that some one in the jail told them they thought, if they could get the plea withdrawn, they might get off with a lighter sentence, and that through some one in the county jail, whom they did not know, they got in touch with counsel.

The court conducted a full, fair, and open hearing upon this application, and overruled the same.

This court has uniformly held that the granting or denying of such a motion is within the sound discretion of the trial court, and that its action will not be disturbed, unless an abuse of discretion appears from the record. Kemp v. State, 35 Okla. Cr. 128, 248 P. 1116; Looper v. State, 42 Okla. Cr. 341, 276 P. 503.

The rule in misdemeanors is less strict than in felony cases. Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298.

If defendants are to be allowed to enter pleas of guilty, and then, because they feel the punishment is too heavy, apply a week or two later to the court for leave to change their plea, the judgments of the court solemnly pronounced are meaningless, and the enforcement of law impossible.

An examination of the record discloses no abuse of discretion in overruling the application to withdraw the plea of guilty, and the cause is therefore affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.