## CHARLES DAUGHERTY v. STATE.

No. A-7915. Opinion Filed May 29, 1931.
(299 Pac. 925.)

Morris & Wilhite, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. An information was filed against the defendant in the county court of Caddo county on the 20th day of March, 1930, charging him with unlawful possession of intoxicating liquor on the 19th day of March, 1930. On the 21st day of March, 1930, the defendant was duly arraigned on such charge and entered his plea of guilty. Upon such plea, the court adjudged the defendant guilty, and assessed his punishment at a fine of $250 and imprisonment in the county jail for 60 days.

On the 25th day of March, 1930, a commitment was issued and the defendant committed thereunder.

On the 31st day of March, 1930, defendant filed his application for leave to withdraw his plea of guilty and enter a plea of not guilty, and alleged as grounds therefor:

"That this defendant had reason to believe and did believe that if he entered a plea of guilty he would receive a less sentence than that imposed upon him by the court, and said applicant further states that said punishment imposed by the court is cruel, unjust and excessive."

Thereafter, and on the same day, this application was denied. Thereafter, and on the same day, defendant filed his motion for a new trial, which was by the court overruled, and defendant prosecutes his appeal by transcript, and alleges as his ground for reversal of the case that the court abused its discretion in refusing to permit the defendant to withdraw his plea of guilty and enter a plea of not guilty.

Applications of this kind are addressed to the sound discretion of the trial court, and a conviction based upon a plea of guilty will not be disturbed, unless there appears a clear abuse of such discretion upon the part of the trial court. Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298; Kemp v. State, 35 Okla. Cr. 128, 248 Pac. 1116.

The application of the defendant stating no sufficient ground, and it not appearing from the record that the trial court abused its discretion, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.