HENRY B. NEY v. STATE.

No. A-7928.   Opinion Filed June 12, 1931.
(300 Pac. 417.

Morris & Wilhite, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst.
Atty. Gen., for the State.

DAVENPORT, P. J. An information was filed
against the defendant, in the county court of Caddo coun-
ty, on the 4th day of March, 1930, charging him with pos-
session of intoxicating liquor, with the intent on the part
of the defendant to barter, sell, give away, or otherwise
dispose of the same.  On a plea of guilty the court sen-
tenced the defendant to serve 60 days in the county jail
and pay a fine of $100.  On March 24, 1930, an application
to withdraw the plea of guilty was filed, overruled by the
court, and the defendant excepted.  Motion for new trial
was filed, overruled, and exceptions saved.

The defendant in his application to withdraw his plea
of guilty states in support of his application that this was

his first offense, and that he was told and had reason to believe and did believe that, if he entered a plea of guilty, he would receive a sentence of 30 days and a fine of $50, and, relying upon said statements so made to him, he entered his plea of guilty. His application to withdraw his plea of guilty is not verified, and there is nothing in the record to show that any promises were made him as to what his sentence would be.

The defendant in his assignments of error alleges the court abused its discretion in overruling his motion to withdraw his plea of guilty; that the court erred in overruling his motion for a new trial; that the court erred in assessing the punishment against him; that said punishment so assessed is cruel, excessive, and unjust, and is not sustained by the facts.

The information on which the defendant entered his plea of guilty charges the defendant with the possession of two and one-half gallons of whisky, with intent on the part of the defendant to sell, barter, give away, or otherwise dispose of the same contrary to the statute. No testimony was taken, and the only facts the court had to guide it was the charge in the information, which was duly and regularly filed. An application to withdraw a plea of guilty is addressed to the sound discretion of the trial court, and a conviction based upon a plea of guilty will not be disturbed unless there appears a clear abuse of such discretion. Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298; Kemp v. State, 35 Okla. Cr. 128, 248 Pac. 1116; and Daugherty v. State, 51 Okla. 104, 299 Pac. 925.

The application of the defendant does not state sufficient grounds to warrant a reversal of this case. There

being nothing to show that the trial court abused its discretion, the judgment is affirmed.

CHAPPELL and EDWARDS, JJ., concur.