BERT CONARRO v. STATE.

No. A-7944. Opinion Filed July 18, 1931.
(1 Pac. [2d] 837.)

L. G. Lewis, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was charged by information in the district court with operating and driving a motor vehicle on the highway while under the influence of intoxicating liquor.   On a plea of guilty the court sentenced the defendant to serve six months in the penitentiary and to pay the cost of the action.

On the 7th day of February, 1930, an application to withdraw the plea of guilty was filed, which motion was, on the 8th day of February, 1930, overruled and defendant duly excepted.   Notice of appeal was given and the defendant has appealed to this court.   The defendant in his application to withdraw his plea states in support of his application that this was his first offense and that he was told, and had reason to believe and did believe, that if he entered his plea of guilty he would receive a sentence of a fine not exceeding $300 and cost of the prosecution, and relying upon that statement so made to him he entered his plea of guilty.

The defendant verified his application, but upon an examination of the record there is nothing to show that

any promise was made to him by any person connected with the court or having authority to make such a promise. There is no showing made by the defendant that he has a good defense on the charge filed against him. Defendant insists that the court erred in imposing a sentence of six months in the penitentiary and costs. The information on which the defendant entered his plea of guilty charges that the defendant did willfully, knowingly, and feloniously, while under the influence of intoxicating liquor, operate and drive a motor vehicle on the public highway. No testimony was taken, and the only fact the court had to guide it was the charge in the information, which was duly and regularly filed.

An application to withdraw a plea of guilty has been held by this court in many cases to be addressed to the sound discretion of the trial court. A conviction and sentence based upon a plea of guilty will not be disturbed unless there appears a clear abuse of such discretion. Kemp v. State, 35 Okla. Cr. 128, 248 Pac. 1116; McAtee v. State, 39 Okla. Cr. 10, 262 Pac. 703; Daugherty v. State, 51 Okla. Cr. 104, 299 Pac. 925, and Ney v. State, 51 Okla. Cr. 187, 300 Pac. 417, and cases therein cited.

The application of the defendant does not state sufficient grounds to warrant a reversal of this case. There is nothing in the record to show that the trial court abused its discretion.

The judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.