## HENRY C. ROMINES v. STATE.

No. A-8003. July 31, 1931.
Motion to Review Denied Sept 5, 1931.
(2 Pac. [2d] 969.)

 

L. M. Gensman, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was charged by information in the county court of Comanche county with possession of intoxicating liquors, and on a plea of guilty the

court sentenced the defendant to serve a term of 45 days in the county jail and pay a fine of $100 and costs. The defendant's plea of guilty was entered on the 17th day of July, 1930, and on the 16th day of September, 1930, the defendant filed his motion to withdraw his plea of guilty; which motion was on the 16th day of September, 1930, overruled and defendant duly excepted. Notice of appeal was given, and the defendant has appealed to this court.

The defendant in his motion to withdraw his plea states in support of the same that at the time he entered his plea of guilty he was not able to procure counsel and the court did not advise him of his right to have counsel; that he was informed by the arresting officer that it was merely a case of possession and that a small fine would only be assessed against the defendant; that he was arrested by federal officers McNeal and Reddick; that as he was arrested by federal officers he understood the federal law would apply and that only a small fine would be assessed against him where there was only a charge of possession of intoxicating liquor; and relying upon the representation made to him he entered his plea of guilty; that since he entered his plea of guilty he learned he was laboring under a misapprehension of the law, and that the minimum punishment for such an offense is a $50 fine and incarceration in the county jail for a period of 30 days.

The motion of the defendant to withdraw his plea of guilty is verified, but upon an examination of the record there is nothing to show that the promise was made to him by any person connected with the county court of Comanche county having authority to make such a promise. The defendant states in his motion to withdraw his plea that he did not know whether the whisky found in the car

was intoxicating or not; he had nothing to do with it; that the whisky was discovered by the federal officers, after an unlawful search and without a search warrant or writ of any kind or description; that he did not own or possess the whisky and is not guilty of any other offense against the laws of the state of Oklahoma or the laws of the United States.

The defendant insists that the court erred in not sustaining his motion to withdraw his plea of guilty. No testimony was taken, and the only facts the court had to guide it was the charge in the information which was duly and regularly filed. A motion to withdraw a plea of guilty has been held by this court in many cases to be addressed to the sound discretion of the trial court. The defendant in his motion to withdraw his plea of guilty relies on his inexperience and want of knowledge of the law. The defendant entered his plea of guilty more than 60 days before he was called before the court to receive his sentence, and his motion to withdraw his plea of guilty was filed on the day he was sentenced. A conviction and sentence, based upon a plea of guilty, will not be disturbed unless there appears a clear abuse of the court's discretion. Kemp v. State, 35 Okla. Cr. 128, 248 Pac. 1116; McAtee v. State, 39 Okla. Cr. 10, 262 Pac. 703; Daugherty v. State, 51 Okla. Cr. 104, 299 Pac. 925; Ney v. State, 51 Okla. Cr. 187, 300 Pac. 417, and Conarro v. State, 51 Okla. Cr. 314, 1 Pac. (2d) 837.

The motion of the defendant to withdraw his plea of guilty and enter his plea of not guilty does not state sufficient grounds to warrant a reversal of this case. There is nothing in the record to show that the trial court abused its discretion in overruling defendant's motion to withdraw his plea of guilty.

In view of the condition of the record in this case, we believe that the punishment imposed on the defendant is excessive, and that the judgment should be modified to confinement in the county jail for 45 days and a fine of $50, and as modified the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.