## FLORENCE JACKSON v. STATE.

No. A-8024.  Opinion Filed Aug. 15, 1931.
(2 Pac. [2d] 288.)

Tichenor & Bristow, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, hereinafter referred to as the defendant, was charged by infor-

mation in the county court of Oklahoma county, with the possession of a certain quantity of intoxicating liquor, and entered her plea of guilty, and on the 5th day of September, 1930, the court sentenced the defendant to serve 30 days in the county jail and to pay a fine of $50.

On the 8th day of September, 1930, the defendant filed her motion to withdraw her plea of guilty and enter her plea of not guilty, which motion was overruled and defendant duly excepted.

The defendant assigns as error that the court erred in overruling her motion to set aside her plea of guilty and refusing to let her enter her plea of not guilty. The defendant in her motion to withdraw her plea of guilty and enter a plea of not guilty states that she did not know she would be fined $50 and sentenced to the county jail for a period of 30 days, but only that according to the information she had received from the officer arresting her that a plea of guilty meant only a small fine. She entered her plea of guilty without the advice of counsel; that she is not guilty of the offense charged and that she had nothing to do with the beer in question and knew nothing about it; she was buying the restaurant where the beer was found and it had not been turned over to her at the time of the seizure of the liquor. This motion is verified by the defendant.

This court has held many times that a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, and that a conviction and sentence upon a plea of guilty will not be disturbed unless there appears in the record a clear abuse of the court's discretion. Kemp v. State, 35 Okla. Cr. 128, 242 Pac. 1116; McAtee v. State, 39 Okla. Cr. 10, 262 Pac. 703; Daugherty

v. State, 51 Okla. Cr. 104, 299 Pac. 925; Ney v. State, 51 Okla. Cr. 187, 300 Pac. 417.

The motion of the defendant does not show such an abuse of discretion of the trial court as to warrant a reversal of this case.

The judgment of the lower court is affirmed.

EDWARDS and CHAPPELL, JJ., concur.