## AUG WILLIAMS v. STATE.

No. A-8356. May 21, 1932.
(11 Pac. [2d] 773.)

W. B. Grigsby, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was by information charged with the sale of intoxicating liquor and, being represented by counsel and personally present in court, entered his plea of guilty on the 5th day of October, 1931, and was on the 2d day of January, 1932, by the court adjudged to be guilty of said offense and sentenced to pay a fine of $50 and be imprisoned in the county jail for a period of 30 days.

On the 2d day of January, 1932, defendant filed his motion to vacate the judgment which, after hearing, was by the court on the same day overruled.

The only error complained of is that the court erred in overruling defendant's motion to vacate the judgment.

This court has uniformly held that the granting or denying of a motion to withdraw a plea of guilty is within the sound discretion of the trial court, and that its action will not be disturbed unless an abuse of discretion appears from the record. Kemp v. State, 35 Okla. Cr. 128, 248 Pac. 1116; Looper v. State, 42 Okla. Cr. 341, 276 Pac. 503; Fields v. State, 50 Okla. Cr. 331, 297 Pac. 822; Munsell v. State, 53 Okla. Cr. 311, 11 Pac. (2d) 537.

The record in the case at bar shows defendant to have been personally present and represented by counsel, which makes out a stronger case than the authorities above cited.

An examination of the record discloses no abuse of discretion in overruling the motion to vacate the judgment.

The cause is therefore affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.