This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JACQUELINE M. JOHNSON n/k/a**
**JACQUELINE M. GARCIA,**

    Petitioner-Appellant,

v.                                                          **No. A-1-CA-36089**

**DAVID B. JOHNSON,**

    Respondent-Appellee,

and

**NEW MEXICO HUMAN SERVICES**
**DEPARTMENT,**

    Intervenor.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Jacqueline M. Johnson
Las Vegas, NM

Pro Se Appellant

Rosalie Fragoso
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Petitioner Jacqueline Johnson (Wife) has appealed from the district court's order adopting the conclusions and recommendations of a family court hearing officer, to the effect that 46.5% of Wife's gross military retirement pay is Respondent David Johnson's (Husband) community property. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Wife has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

Wife reiterates her position that the district court erred in calculating Husband's community share based on her gross disposable retired pay. [MIO 1-6] As we stated in our calendar notice, the applicable definition of "disposable retired pay" is contained in Section 1408 of the Uniformed Services Former Spouses Act (USFSPA):

    A.    The term "disposable retired pay" means the total monthly retired pay to which a member is entitled . . . less amounts which—

    (i)    are owed by that member to the United States for previous overpayments of retired pay and for recoupments required by law resulting from entitlement to retired pay;

(ii)    are deducted from the retired pay of such member as a result of forfeitures or retired pay ordered by a court-martial or as a result of a waiver of retired pay required by law in order to receive compensation under title 5 or title 38;

(iii)    in the case of a member entitled to retired pay under chapter 61 of this title, are equal to the amount of retired pay of the member under that chapter computed using the percentage of the member's disability on the date when the member was retired (or the date on which the member's name was placed on the temporary disability retired list); or

(iv)    are deducted because of an election under chapter 73 of this title to provide an annuity to a spouse or former spouse to whom payment of a portion of such member's retired pay is being made pursuant to a court order under this section.

10 U.S.C. § 1408(a)(4)(A) (2016).

{2}    In her memorandum in opposition, Wife asserts that the definition of "disposable earnings" contained in the Department of Defense Financial Management Regulation, DoD 7000.14-R, Volume 7B, Chapter 27, paragraph 270203 (Jan. 2017), should govern. However, as that publication makes clear, Chapter 27 "provide[s] information unique to the collection of child support and/or alimony from military retired pay" and therefore does not apply to the matter at hand, where military retired pay is treated as community property under state law. DoD F 7000.14-R, Volume 7B, Chapter 27, para. 270101 (Jan. 2017); *see also* para. 270201 ("Alimony, as used in Chapters 27 and 29, excludes payments or transfers of property made in compliance

with any community property settlement, equitable distribution of property, or other division of property between the spouse(s) or former spouse(s).").

{3} Wife's reliance on 10 U.S.C. § 1435(2) (2015) is likewise misplaced. [MIO 2] That section establishes which children of a member of the armed forces "are eligible to be made the beneficiaries of, or to receive payments under, an annuity elected under this subchapter[.]" *Id.* To the extent Wife's argument is that her gross retired pay should be adjusted under Section 1408 of USFSPA, we are unpersuaded, as that section refers solely to an "annuity to a spouse or former spouse[.]" 10 U.S.C. § 1408(a)(4)(A)(iv). Wife points to no evidence in the record on appeal establishing that she ever made "an election under chapter 73 of this title to provide an annuity to [Husband.]" *Id.*

{4} In a final effort to establish that the district court erred in this context, Wife quotes from an email she asserts to have received from a paralegal employed by the Defense Finance and Accounting Services (DFAS), in which DFAS appears to apply the definition of "disposable earnings" contained in DoD 7000.14-R, Volume 7B, Chapter 27, paragraph 270203, in calculating both Wife's child support obligation and Husband's community property interest in her retirement pay. While Wife asserts that she provided a copy of this email to Husband's attorney, [MIO 4, 6] Wife does not claim to have introduced it into evidence below, and our review of the record proper

failed to discover any indication that this email was presented either to the hearing officer or the district court. As such, we may not consider it on appeal. *See State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 ("Matters outside the record present no issue for review."(internal quotation marks and citation omitted)). Therefore we merely observe, without deciding, that DFAS's reliance on the definition of "disposable earnings" in relation to Husband's community property interest appears to be in error. We further direct Wife's attention to Section 1408(e)(6) of USFSPA, which states:

> Nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order on the grounds that payments made out of disposable retired pay under this section have been made in the maximum permitted under paragraph (1) or subparagraph (B) of paragraph (4). Any such unsatisfied obligation of a member may be enforced by any means available under law other than the means provided under this section in any case in which the maximum amount permitted under paragraph (1) has been paid and under section 459 of the Social Security Act (42 U.S.C. 659) in any case in which the maximum amount permitted under subparagraph (B) of paragraph (4) has been paid.

{5} In the memorandum in opposition, Wife also reiterates her position that Husband's community share in her retired pay should terminate after 223 monthly payments or at the emancipation of their children, or that it should be reduced to twenty-five percent of her disposable retired pay. [MIO 6] Once again, Wife cites no authority supporting any of these proposed limitations. [MIO 6-9] *See ITT Educ.*

5

*Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority). As such, we remain unpersuaded.

{6}    Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{7}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**JULIE J. VARGAS, Judge**