# C. H. JENKINS v. STATE.

No. A-780.   Opinion Filed January .11, 1912.

(120 Pac. 298.)

**ARRAIGNMENT AND PLEAS—Withdrawal of Plea of Guilty—Discretion of Court—Right to Trial by Jury.** A motion in a misdemeanor case to withdraw a plea of guilty and to substitute therefor a plea of not guilty is addressed to the sound discretion of the court. Consequently its decision will not be disturbed, unless an abuse of discretion appears. In a felony case, and especially in a capital case, if the defendant pleads guilty without the benefit of counsel, or was influenced to enter such plea either by his counsel, or by the prosecution, or by act of the court, he should be accorded the right of trial by jury, by permitting him at any time before judgment to withdraw his plea of guilty and substitute therefor a plea of not guilty.

(Syllabus by the Court.)

*Appeal from Craig County Court; Theo. D. B. Frear, Judge.*

C. H. Jenkins was convicted of a violation of the prohibition law, and appeals. Affirmed.

*James S. Davenport,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen. (*Andrew Wood,* of counsel), for the State.

DOYLE, J. The plaintiff in error was convicted upon an information filed in the county court of Craig county March 10, 1909, which charged the unlawful sale of a quart of whisky to one A. J. Brady. May 24, 1909, upon arraignment, he entered a plea of guilty as charged, and the court appointed May 29th as the time for pronouncing judgment and sentence, at which time the case was continued for sentence, and was so continued from term to term until March 31, 1910, at which time the defendant appeared in open court, in person and by his attorney, and filed a motion to withdraw his plea of guilty heretofore entered, and to substitute therefor and enter a plea of not guilty, which motion was by the court overruled, and thereupon the court sentenced the defendant to serve a term of 30 days in the county jail, and to

pay a fine of $250. To reverse this judgment an appeal on a transcript, with a petition in error, was perfected.

The defendant's counsel contends that under the statute providing:

"The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted." (Section 6759, Snyder's.)

—he is given the right to withdraw his plea of guilty at any time before judgment and to substitute therefor a plea of not guilty; that the language used, though permissive in form, is in fact peremptory; that under the Constitution of Oklahoma the refusal of the court to permit him so to do deprived him of his constitutional guaranty of a fair and impartial trial by a jury of his peers; and that on any other construction the statute would conflict with the Constitution. The provisions of the Bill of Rights relied on are as follows:

"The right of trial by jury shall be and remain inviolate." (Section 19.) "In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." (Section 20.)

In section 20, art. 7, of our Constitution, it is provided that:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by a jury; in which case the finding of the judge upon the facts shall have the force and effect of a verdict by jury."

The provisions of the Bill of Rights in no way abrogate the ancient and well-established rule of the common law, and the provisions of our statute, that a conviction may be had upon a plea of guilty, which under the law can in no case be put in except by the defendant himself in open court. The defendant had a constitutional right of trial by jury, or, the state consenting, a trial by the court. He was not deprived of this right, but voluntarily relinquished it by entering a plea of guilty. The right of trial by jury is purely a personal right and privilege that may be waived by the defendant. The provisions of the Bill of Rights quoted are restrictions on the legislative power, and place the

right beyond the power of the Legislature to abridge it. As we construe the statute quoted, it was clearly within the sound judicial discretion of the trial court to allow or disallow the motion to withdraw the plea of guilty and substitute therefor a plea of not guilty, especially in a misdemeanor case, and under this construction the statute in no wise conflicts with the constitutional provisions. From the record before us we cannot say that this discretion was abused. Without speculating on what ground the case was continued for sentence on a plea of guilty for almost a year, it is enough to say that we surmise that the defendant absconded.

In respect to the question of discretion, courts have distinguished between the higher and lower grades of crime, and construing this section of the statute in a felony case, and especially in a capital case, if the defendant had entered a plea of guilty without the benefit of counsel, or was influenced to enter such plea, either by his counsel, or by the prosecution, or by act of the court, he should be accorded the right of trial by jury, by permitting him at any time before judgment to withdraw his plea of guilty and substitute therefor a plea of not guilty. In such cases the refusal of a trial court to permit this to be done would be considered an abuse of judicial discretion. From the record before us there appears no reason why we should interfere with the ruling made in virtue of the discretion with which the trial court was vested.

The judgment of the lower court is therefore affirmed, and the cause remanded thereto, with direction to enforce its judgment therein.

FURMAN, P. J., and ARMSTRONG, J., concur.