### HOMER HART v. STATE.

No. A-4998.    Opinion Filed March 21, 1925.
(233 Pac. 1095.)

(Syllabus.)

1. **Arraignment and Pleas—Permission to Withdraw Plea of Guilty and Substitute Plea of not Guilty Discretionary.** The granting or denying of permission to withdraw a plea of guilty and to substitute a plea of not guilty is a matter within the sound discretion of the trial court.

2. **Same—When Court Should be Indulgent in Permitting Plea to be Withdrawn.** When there is reason to believe that the plea of guilty has been entered through inadvertence, or without deliberation, or ignorantly, and mainly from the hope that the punishment to which the defendant would otherwise be exposed may thereby be mitigated, the court should be indulgent in permitting the plea to be withdrawn.

Appeal from Superior Court, Okmulgee County; J. H. Swan, Judge.

Homer Hart was convicted of unlawfully transporting intoxicating liquor, and he appeals. Reversed.

D. E. Ashmore and Don Cameron, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from the judgment of conviction and sentence of confinement in the county jail for 90 days and a fine of $250 rendered upon a plea of guilty to a charge of unlawfully transporting intoxicating liquor. The Attorney General filed the following confession of error in this case.

"The record discloses that an agreement was entered into by and between plaintiff in error and the county attorney's office to the effect that, if plaintiff in error would plead guilty to the crime charged, that the punishment to be imposed in said cause would be a fine of $50, and 30 days in jail. At this time plaintiff in error was without the aid of counsel.

"Plaintiff in error pleaded guilty to said charge, expecting to receive said punishment agreed upon, and appeared before the superior court upon November 6, 1923, for sentence. The court sentenced plaintiff in error to a fine of $250 and a term of 90 days in jail. On said sentence day, Dr. J. G. McKinney, of Henryetta, was sworn and testified that plaintiff in error was unable to be present on that date, and accordingly the sentence day was set for Friday, November 9, 1923. On Friday, November 9, 1923, Dr. G. Y. McKinney was sworn, and testified that plaintiff in error was physically unable to be present on that date, and by reason of his physical condition would be unable to attend court before November 21, 1923, and accordingly sentence day was set for that date.

"On said date, November 21, 1923, plaintiff in error appeared before the court and requested permission to withdraw his plea of guilty and file a plea of not guilty. This request was refused by the court, to which plaintiff in error excepted, and from which action by the court he has appealed.

"Therefore the only question involved is this question, and the only assignment urged by plaintiff in error, is a

matter of law involving the question as to whether or not plaintiff in error could withdraw a plea of guilty and enter a plea of not guilty before the court passed final judgment and sentence.

"Section 2621, Compiled Oklahoma Statutes, 1921, provides as follows: 'The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted.'

"This statute has been construed by this court in the case of Jenkins v. State, 6 Okla. Cr. 516, 120 P. 298, wherein the court said: 'A motion in a misdemeanor case to withdraw a plea of guilty and to substitute therefor a plea of not guilty is addressed to the sound discretion of the court. Consequently its decision will not be disturbed, unless an abuse of discretion appears.'

"In the body of the opinion the court said: 'In respect to the question of discretion, courts have distinguished between the higher and lower grades of crime, and construing this section of the statute in a felony case, and especially in a capital case, if the defendant had entered a plea of guilty without the benefit of counsel, or was influenced to enter such plea, either by his counsel, or by the prosecution, or by act of the court, he should be accorded the right of trial by jury, by permitting him at any time before judgment to withdraw his plea of guilty and substitute therefor a plea of not guilty. In such cases the refusal of a trial court to permit this to be done would be considered an abuse of judicial discretion.'

"In the case at bar, at the time plaintiff in error decided to enter a plea of guilty, he was without the aid of counsel, and was influenced in so doing by the prosecution.

"We therefore respectfully submit to this honorable court that the proceedings in this case were adverse to the rule of this court, and in view of the argument made by the counsel for plaintiff in error, and the comments upon same made by the court at the time, we respectfully submit this confession of error."

The uniform holding of this court in construing sec-

tion 2621 has been that the granting or denying of permission to withdraw a plea of guilty, either before or after judgment, and to substitute a plea of not guilty, is a matter within the sound discretion of the trial court. Polk v. State, 26 Okla. Cr. 283, 224 P. 194; Mullen v. State, 28 Okla. Cr. 218, 230 P. 285.

In our opinion the defendant should have been permitted, under all the circumstances, to withdraw his plea of guilty when he applied for leave to do so. There is nothing to show that the motion was not made in good faith, or that the entry of the plea and the motion to withdrawn it was intended for delay.

A defendant should not be allowed to trifle with the court by deliberately entering a plea of guilty one day, and capriciously withdrawning it on the day set for pronouncing judgment, but where there is reason to believe that the plea has been entered through inadvertence and without due deliberation, or ignorantly, and mainly from the hope that the punishment may be thereby mitigated, the court should be indulgent in permitting the plea to be withdrawn.

For the reasons stated, the judgment of the trial court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.