### E. D. COOK v. STATE.

No. A-6812.   Opinion Filed Oct. 19, 1929.
(281 Pac. 819.)

70

Hugh A. White, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DĂVENPORT, J. The plaintiff in error, E. D. Cook, hereinafter called the defendant, has appealed to this court from a judgment of conviction and sentence of imprisonment in the county jail of Hughes county for a period of 30 days and a fine of $50 and costs, rendered on a charge of unlawful possession of whisky, with the intent to barter, sell, give away, and otherwise furnish the same to others, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.

The information was filed on the 14th day of July, 1927; the case was called for trial on the 6th day of September, 1927, when defendant entered his plea of guilty. On the 9th day of September, 1927, and before sentence was pronounced, the defendant filed his properly verified motion asking that he be permitted by the court to withdraw his plea of guilty and enter his plea of not guilty. After hearing said motion, the court overruled the same and pronounced judgment and sentence. The testimony taken in support of the motion of defendant to withdraw his plea of guilty and enter his plea of not guilty tends to show that defendant was a law-abiding citizen; that he entered his plea of guilty without consulting his attorney, under a misapprehension of the law applicable to his case, believing at the time that the mere possession of any quantity of intoxicating liquor was sufficient to constitute guilt of the offense charged.

Section 2621, C. O. S. 1921, is as follows:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted."

In this case it appears from the record that the defendant's plea of guilty was entered unadvisedly without consulting his attorney. The information in this case charges the defendant with having possession of a quantity of intoxicating liquor, to wit, whisky, with the unlawful intent on the part of the said E. D. Cook to barter, sell, give away, and otherwise furnish the same to others.

The information failed to state any definite amount of whisky. The application of the defendant shows that his plea of guilty was entered upon a misapprehension of the law applicable to his case. This court, in Turner v. State, 33 Okla. Cr. 97, 242 Pac. 1053, in the first syllabus, said:

"A motion in a misdemeanor case to withdraw a plea of guilty and substitute therefor a plea of not guilty, either before or after judgment, is addressed to the sound discretion of the trial court."

It has been repeatedly held by this court that a defendant in a criminal action should be permitted to withdraw his plea of guilty given unadvisedly, before or after judgment, where any reasonable ground is offered for going to a jury.

In this case the allegations of the defendant in his motion to be permitted to withdraw his plea of guilty and enter a plea of not guilty, and testimony taken in support of the same, are sufficient to show that the plea of guilty was unadvisedly entered under a misapprehension of the law, and we hold the court should have permitted the defendant to withdraw his plea of guilty and directed the county attorney to file an amended information show-

ing the quantity of whisky it was alleged the defendant had in his possession in violation of law.

For the reasons herein stated, the judgment is reversed and remanded, with directions to the court to proceed further in accordance with this opinion.

EDWARDS, P. J., and CHAPPELL, J., concur.