## DENNIS TEAGUE v. STATE.

No. A-7043.   Opinion Filed March 8, 1930.
Rehearing Denied March 29, 1930.
(286 Pac. 351.)

Mathers & Mathers, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Dewey county of transporting liquor as a second violation of the prohibitory liquor law (Comp. St. 1921, § 6982 et seq., as amended), and was sentenced to pay a fine of $50, and to serve five years in the state penitentiary.

The evidence both for the state and the defendant is brief; that for the state discloses that prior to the offense

charged, defendant had been charged in the county court of Ellis county with manufacturing intoxicating liquor, had pleaded guilty to such charge, and had been sentenced to a term of sixty days in the county jail and to pay a fine of $50, that the judgment was final and had been carried into execution. It also appears that at the time charged, in the instant case, a deputy sheriff from the town of Leedy, at about one a. m., observed two cars drive to a point near the gin at Leedy and heard some loud and offensive language in the nature of a quarrel or colloquy calculated to disturb the peace of the neighborhood. That he went to the place and found two men and two women standing near one of the cars, and found defendant and one Dalton in the other car. He states it as his judgment that the offensive language was spoken by defendant, and that he sought to arrest him and got on the car. That either Dalton or defendant started the car and drove it away from the scene, and that one of them kicked a bottle and a jar out of the front of the car. That Dalton threw a bottle of whisky from the car, and defendant attempted to pour out a pint of whisky which was in his pocket but that he prevented that and seized the whisky. Defendant testified that he and Dalton had been to a dance and had arranged to purchase some whisky to be delivered to him at town. That he drove into town and that the party, whose name he did not know, came to the car with a half-gallon of whisky. That they put it in the bottles, but had not transported it when the deputy sheriff came upon the scene. He offered evidence of some other members of the party tending to corroborate his testimony. He admitted he had been convicted of a previous violation of the liquor law and also of grand larceny and served a term at the Granite Penitentiary. There is sufficient evidence to sustain the verdict of the jury, but, from the consideration of the entire record, we are convinced that the

punishment assessed is excessive and the judgment should be modified by reducing the imprisonment from five years in the penitentiary to two years in the penitentiary.

As modified, the case is affirmed.

CHAPPELL, J., concurs.

DAVENPORT, J. (dissenting). In dissenting from the opinion of the majority of the court, I deem it necessary to state that the testimony on behalf of the state shows that prior to this case defendant had been convicted or entered a plea of guilty to a violation of the prohibitory liquor laws of the state, but it does not show any positive knowledge of the witness, on behalf of the state, as to the transporting of the whisky charged in the information. The prosecuting witness testifying that the cars came from the northwest into Leedy, and then passed out of his sight and stopped upon the street. The witness does not know whether the defendant had the pint of whisky when they drove into town, or whether he secured the whisky as testified to by the defendant and the other witnesses who were present. All the state's witness knew, or testified to, was that the defendant had the pint of whisky in his pocket when he searched him, after approaching the defendant's car and commanding him to consider himself under arrest.

The defendant in this case is not charged with possession of intoxicating liquor, but charged with transporting. Under our statute it is a penitentiary offense upon a second conviction for the violation of the prohibitory laws of our state and in this case the defendant was sentenced to the state penitentiary for a period of five years, and to pay a fine of fifty dollars, on a charge of transporting one pint of whisky.

4

It is true the prosecuting witness states that he had seen the defendant earlier in the evening at a drug store getting some empty bottles, and just prior to the taking of the defendant into custody he saw two cars drive into Leedy, passing out of sight and then stopped; that he afterwards heard some loud talking, and claimed the parties were disturbing the peace by using profane language, and he walked up the street a distance of about two blocks to where the cars were, and there saw two girls and two men standing by the side of one of the cars, and, when he asked what was going on, one of them said, "Hell, we were rolling a cigarette." He went on to the next car which was occupied by the defendant and a man by the name of Dalton; he told them to consider themselves under arrest and got on the running board of the car, and some of the occupants started the car.

If the testimony of the state be true, the car had not been moved until after the witness claims he had taken them into custody and, therefore, it could not have been a voluntary transportation. Under the evidence contained in the record, I feel compelled to state that in my opinion the verdict in this case is contrary to the evidence, in view of the fact that several of the parties, who were present at the time the witness of the state came up to where the cars were stopped, testified that they had bought the whisky from a man there at the place where the cars were stopped, and had used the funnel, found in the car, to pour it into the pint bottles, and that the cars had not moved since they had procured the whisky. A mere suspicion of the officer, arresting the defendant, that they had brought the whiskey with them when they came from the west into the town of Leedy is insufficient, in my judgment, to sustain a conviction and send a man to the penitentiary for a term of five years.

This court has repeatedly held that it will not disturb the judgment on account of the sufficiency of the evidence when there is any competent evidence to support the judgment. It is equally well settled that it is not only the province but the duty of the court to set aside the judgment when it is contrary to the evidence, or where there is no competent evidence to support it. In my opinion, the testimony in this case is too indefinite and uncertain to sustain the judgment and sentence, and the motion of the defendant for a new trial should have been sustained.