## SOL LONGENBAUGH v. STATE.

No. A-7478.  Opinion Filed May 24, 1930.
(288 Pac. 611.)

Chas. R. Weaver, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ottawa county on a charge of having the unlawful possession of intoxicating liquor and was sentenced to serve a term of 60 days in the county jail and to pay a fine of $250.

The record discloses that defendant pleaded guilty to the charge of having the unlawful possession of intoxicating liquor.   At the time he had no attorney.   He conversed with the constable who arrested him as to the punishment to be assessed in case of a plea of guilty.   The constable conferred with the county attorney, who declined to recommend the minimum sentence, and he then conversed with the county judge and informed defendant that

in case of a plea of guilty he would receive the minimum sentence. The minimum was not assessed, and defendant filed a motion for new trial setting out the facts, which motion was considered by the court. Some controversy appears to have arisen between the county judge and the constable, the county judge being of the opinion that the constable did not correctly disclose all the facts as to the age and condition of defendant at the time of the conversation in reference to the punishment. At the time of sentence, after hearing testimony of the constable, the defendant and the wife of defendant touching the agreement under which defendant entered his plea of guilty, the judge in part said:

"* * * I think we have to depend upon the officers for information, particularly with reference to the plea of guilty where there is no evidence, the court must depend on facts on which to base his judgment and sentence. That must depend on information supplied by the arresting officer. I don't think and I am not saying that the constable intentionally,—and am not inferring—that he intentionally deceived the court. But the fact remains, according to Mr. Jennings' own testimony, that the court was misled. * * * I was led to believe that this man was just about in the last stages of tuberculosis and the fact developed that he has probably a slight case and not on his last stages of tuberculosis. * * * I feel that the court was misled and I want it to be understood that there is no intention to mislead any defendant on the part of the court. * * * If testimony had developed, that after all the facts had been represented to the court, the court had indicated a minimum sentence and that had been communicated to the defendant and he entered his plea of guilty, then I would be inclined to set the judgment aside, but the court was not in possession of all the facts.* * *"

The arresting officer, of course, had no authority to make an agreement as to the punishment which would be binding on the county attorney or the court. The law,

however, favors trials, and, where an officer in seeming authority makes a promise which may reasonably have influenced and brought about a plea of guilty, and the promise is then not carried out, upon such facts appearing to the court the defendant should be permitted to withdraw his plea of guilty. Hart v. State, 29 Okla. Cr. 414, 233 Pac. 1095; Cook v. State, 45 Okla. Cr. 69, 281 Pac. 819. Under all the circumstances shown by the record, justice requires that the punishment assessed against defendant should be reduced to a fine of $50 and to confinement in the county jail for a term of 30 days.

As modified, the case is affirmed.

DAVENPORT, J., concurs. CHAPPELL, J., absent, not participating.