## EMMETT KELLEY v. STATE.

No. A.-7803.  Opinion Filed June 5, 1930.
(288 Pac. 1001.)

Kirt G. Logsdon, for plaintiff in error.

J. Berry King, Atty, Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted of robbery with firearms, and sentenced to life imprisonment.

The record discloses a state of facts about as follows: At the time charged, defendant, a tubercular ex-service man, with his wife, was traveling from the state of Ohio to Arizona in a Ford car. They arrived at Tulsa in destitute circumstances. He solicited and received some assistance from some persons on the street, deriving about $2.25 from this source. A part of this was spent for food. Defendant with his wife then drove to a filling station and bought oil and gas to the amount of $1.55. This was more than defendant had, and a controversy arose with the person operating the filling station which ended by defendant pointing a pistol at him and telling him he would get nothing. He drove away, but was soon apprehended, lodged in jail, and a charge of robbery with firearms filed. While in jail and before he was arraigned, the jailer advised him that if he would plead guilty he would receive a lenient sentence. On one occasion the jailer in the presence of an assistant county attorney made a promise of leniency if he would plead guilty, and the assistant county attorney said in substance if a plea of guilty should be made with an explanation of the circumstances to the court, it was his opinion that a light sentence would be given, but that he could not officially promise it. It appears that the jailer also talked to the wife of defendant, making the same promise of leniency, and she also pleaded with defendant to enter a plea of guilty. At that time defendant was not represented by counsel. Counsel was appointed for defendant about 3 o'clock in the afternoon, and at 4:30 he was brought into court and the plea of guilty was entered, and at the time a statement of facts was made to the court both by defendant and his counsel. The court took the matter under consideration until the following morning. On the morning following and before sentence had been passed, defendant, through his counsel, asked leave to withdraw the plea, stating that

counsel had not had time to investigate the matter fully at the time the plea was entered. The assistant county attorney argued that leave to withdraw the plea of guilty was discretionary with the court, but that in his judgment to refuse the application was not an abuse of discretion. The application was overruled; the court in part said:

"The court will assess the punishment against the defendant at this time. It appears, gentlemen, that the offense in this instance was not as aggravated as would justify, perhaps, the extreme penalty. There is some doubt whether the extreme penalty of death ought to be assessed against the defendant, in view of the circumstances surrounding the commission of the offense and other circumstances in the case. It will be the judgment and sentence of the court that the defendant be confined to the penitentiary at McAlester, Oklahoma, for the rest of his natural life."

Thereafter defendant filed a written application for the setting aside of the judgment and sentence and to withdraw his plea, which was supported by affidavits of defendant, his wife, and his counsel, setting out the circumstances above detailed. No countershowing was made, but some weeks after judgment and sentence, while the application was pending, the court took the testimony of three witnesses as to the commission of the offense charged.

Robbery with firearms is defined by section 1784, Comp. St. 1921, as amened by chapter 85, Sess. Laws 1923, and chapter 44, Sess. Laws 1925, and by section 1785, Comp. St. 1921. It is extremely doubtful if the evidence discloses an offense greater than larceny. Monagham v. State, 10 Okla. Cr. 89, 134 Pac. 77, 46 L. R. A. (N. S.) 1149; Hill v. State, 19 Okla. Cr. 406, 200 Pac. 653; Jackson v. State, 114 Ga. 826, 40 S. E. 1001, 88 Am. St. Rep. 60; State v. Clark, 12 Mo. App. 593; 23 R. C. L. 1145.

4

But even if the facts shown constitute robbery with firearms, the punishment assessed is so grossly excessive under the circumstances as to constitute a miscarriage of justice. Defendant is guilty of a crime, but the sentence of life imprisonment is out of all proportion to the offense. It cannot be permitted to stand. Bridges v. State, 39 Okla. Cr. 183, 264 Pac. 640; Brown v. State, 40 Okla. Cr. 1, 266 Pac. 491.

An application to withdraw a plea of guilty is addressed to the sound discretion of the trial court, and where there is an abuse of such discretion an appellate court should reverse the judgment and grant a new trial or modify the judgment to prevent injustice. The law favors trials of criminal cases on the merits, and where a defendant under the circumstances recited in the record enters his plea of guilty and before or after sentence makes application to withdraw his plea, supported as was the application in this case, it is an abuse of discretion to refuse to permit the plea to be withdrawn and to allow him to submit his case to a jury. Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298; Polk v. State, 26 Okla. Cr. 283, 224 Pac. 194; Hart v. State, 29 Okla. Cr. 414, 233 Pac. 1095; Cook v. State, 45 Okla. Cr. 69, 281 Pac. 819; Longenbaugh v. State, 47 Okla. Cr. 392, 288 Pac. 611.

For the reasons assigned, the case is reversed and remanded.

DAVENPORT and CHAPPELL, JJ., concur.