## FRANK SLOAN v. STATE.

No. A-8501.   April 1, 1933.
(20 Pac. [2d] 917.)

Bailey E. Bell and Gerald B. Klein, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.  The plaintiff in error, hereinafter called defendant, was convicted on his plea of guilty in the district court of Pawnee county of theft of domestic fowls, and his punishment fixed at a term of 4½ years in the penitentiary.

Defendant was arrested under suspicious circumstances, was incarcerated in jail over night, and the following day was taken to the office of the assistant county attorney and there questioned at length.  The following day he was again questioned, and he contends that under a promise of a short sentence he was induced to agree to enter a plea of guilty, although he informed the county attorney and his assistant that he wanted to call an attorney, but that he was informed if he did so he would be prosecuted on eight cases and that the maximum punishment might be 40 years; that he was made to believe his punishment would be very much less if he entered a plea of guilty.  After sentence was passed, defendant called an attorney and filed his motion and amended motion to withdraw his plea of guilty and to enter a plea of not guilty.  After a hearing, this was denied.  The only contention made is that the court erred and abused his discretion in denying this motion.

The general rule of law as stated by numerous decisions of this and other courts is that an application to withdraw a plea of guilty is addressed to the sound discretion of the trial court; that the law favors the trial of criminal cases on the merits and where it reasonably appears a plea of guilty was influenced by persons in authority or apparent authority which has led a defendant to believe that by entering a plea of guilty his punishment will be thereby mitigated, he should be permitted to withdraw the plea of guilty and to enter a plea of not guilty and the refusal to permit him to do so is an abuse of discretion. Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298; Polk v. State, 26 Okla. Cr. 283, 224 Pac. 194; Hart v. State, 29 Okla. Cr. 414, 233 Pac. 1095; Howington v. State, 30 Okla. Cr. 243, 235 Pac. 931; Cook v. State, 45 Okla. Cr. 69, 281 Pac. 819; Logenbaugh v. State, 47 Okla. Cr. 392, 288 Pac. 611; Kelley v. State, 47 Okla. Cr. 1, 288 Pac. 1001.

Defendant, in support of his application to withdraw the plea of guilty, testified at some length and in substance that he was first questioned by the sheriff and was then taken to the office of the assistant county attorney, and was there further questioned as to his guilt and that of his codefendants, and was told that, if he would "come clean" and would plead guilty, he would receive a light punishment, which he was led to believe would be 60 days in jail and a fine; that later the county attorney told defendant if he did not plead guilty he would prosecute him to the fullest extent of the law and would file separate charges which would carry a maximum of 40 years in the penitentiary. At the conversation with the county attorney the prosecuting witness was also present.

The sheriff was called as a witness by the state, and in his testimony admits he told defendant:

"* * * that if he would tell me the facts in this case about Harbison's chickens and if there was anybody else connected with him, I would give him some leniency in this case. * * *"

In reference to the punishment, he further testified that the assistant county attorney read the law to defendant; that the minimum was 60 days and $100 and the maximum 5 years. The prosecuting witness, Harbison, called for the state, on cross-examination said:

"Mr. Harbison, you stated that Mr. Mitchell told him that if they would plead guilty, he would only file one case against them? A. Yes, sir. Q. What did he tell them he would do if they didn't plead guilty? A. He told them he would prosecute them on all of the cases. Q. To the maximum sentence? A. Yes, sir. Q. How much? A. Five years was the limit. Q. And did he tell them it would be 40 years on the 8 charges? A. Well, if they would get five years on each case, it would figure up 40 years. Q. He explained that to them in your presence, did he, Mr. Harbison? A. He just told them that if they would plead guilty, he would file one case and if not, he would prosecute them in all the cases and if they drawed the limit in each case that would amount to 40 years. * * *"

The assistant county attorney testified:

"* * * A. They were arrested Thursday night and Friday we called Frank Sloan up to the county attorney's office and I told him, I said, 'Frank, we have you charged with stealing chickens, we are going to ask you some questions and understand you don't have to tell us anything, but if you do tell us anything, we will use it against you.' The first thing he wanted to know was what the penalty is for it. So I got the statute down and read it to him and told him the limit was five years, and the minimum

would be a county jail sentence of not to exceed 60 days or a fine not to exceed $200 or both such fine and county jail sentence, and I think Burkdoll and I both told him, we says, 'We think you know a whole lot about the chicken thefts that has been operating in this county and if you have anything you want to tell us about, we would like to hear it.' Q. Did you, at that time, promise Frank Sloan, or anybody else 60 days and $100.00 or any other sentence for that matter? A. No, sir. * * * Q. Mr. Raba, you did discuss the penalty of 60 days and $100.00 fine there, didn't you? A. When I read the statutes. Q. Did you explain that that 60 days would be served in the county jail in Pawnee county? A. Yes, sir. * * *"

The county attorney did not testify, but brought by cross-examination his connection with the matter. There is some considerable controversy as to what was said in reference to the plea of guilty, the filing of other charges, and the punishment to be imposed. A defendant not represented by an attorney under circumstances as here shown, in making an agreement to plead guilty, is not on equal terms with the representatives of the state. A defendant will not be permitted to trifle with the court by deliberately and advisedly entering a plea of guilty and then, if dissatisfied with the sentence, capriciously withdrawing it; particularly is this so when he has counsel when the guilty plea is entered. An agreement for a plea of guilty made between a defendant and the prosecuting officer should be carefully scrutinized, and, where it reasonably appears that a defendant is laboring under a misapprehension at the time he enters his plea of guilty and makes such fact known in apt time, he should be permitted to withdraw his plea of guilty and to enter a plea of not guilty.

The case is reversed, with instructions to the lower court to set aside the judgment to permit defendant to

withdraw his plea of guilty and to enter a plea of not guilty, and for other proceedings in conformity with this opinion.

DAVENPORT and CHAPPELL, JJ., concur.