# BOB PETERSON v. STATE.

No. A-8984.   Jan. 24, 1936.
(54 Pac. [2d] 209.)

Mathers & Mathers, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case, filed in the district court of Pottawatomie county February 7, 1935, charged that the defendant, Bob Peterson, did on the 18th day of December, 1934, in said county unlawfully and feloniously buy and receive from John Doe, two throw rugs, then and there knowing the same were stolen property.

Upon arraignment on the same day, he entered a plea of guilty as charged, and the court appointed February 28th as the time for pronouncing judgment and sentence, at which time the court fixed his bond in the sum of

$2,000; the same being given and approved on said date. Thereafter, the defendant appeared in open court in person and by his attorney, and moved the court for permission to withdraw his plea of guilty heretofore entered, and to substitute therefor and enter a plea of not guilty, which motion was by the court denied.

Thereupon the court entered judgment and sentenced the defendant to imprisonment in the state penitentiary for a term of 18 months.

After judgment, the defendant filed his motion for permission to withdraw his plea of guilty, also motion for a new trial, on the ground that his plea of guilty was entered by mistake, misunderstanding and ignorance, and through intimidation.

The assignments of error present but two questions: First, whether the court erred in denying appellant's motion for leave to withdraw his plea of guilty and plead not guilty; second, whether the court erred in overruling his motion for new trial.

Our Code of Criminal Procedure provides:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." Section 2961, St. 1931.

The granting or denying of permission to withdraw a plea of guilty, either before or after judgment, and to substitute a plea of not guilty, is a matter within the sound discretion of the trial court. Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298; Mullen v. State, 28 Okla. Cr. 218, 230 Pac. 285.

In support of these motions the defendant as a witness testified that the county attorney informed him that

he had a hold-over for him from three county attorneys; from Oklahoma City, from Ardmore, and from Seminole; and the county attorney also threatened to file five other charges against him. After giving bond he went in person or had his attorney go to each of these counties, and found that there was not and had not been any charges pending against him in these three counties.

The record shows that upon his arraignment the defendant was not represented by counsel.

It has been held that the constitutional right to be heard by counsel is not limited to the right to be heard by counsel at the time of the trial; that the spirit of the provision contemplates the right of accused to consult with counsel at every stage of the proceeding.

In Polk v. State, 26 Okla. Cr. 283, 224 Pac. 194, it was held:

"A plea of guilty should be entirely voluntary, by one competent to know the consequences, and should not be induced by fear, persuasion, promises, or ignorance."

While promptness in the apprehension and trial of persons accused with crime is commendable, the law has provided how trials should be had, and the enforcement of law is to be arrived at only by adhering to legal requirements and principles of justice and fair trials, as provided by constitutional provisions, legislative enactments, and well-established rules of law.

Upon the record before us we think the trial court should have granted the defendant's motion for leave to withdraw his plea of guilty, and should have permitted him to enter a plea of not guilty.

The judgment appealed from is therefore reversed and the cause remanded, with direction to sustain the defendant's motion for leave to withdraw his plea of guilty.

EDWARDS, P. J., and DAVENPORT, J., concur.