# BUNNY HARJO v. STATE.

No. A-9717.   Oct. 16, 1940.
(106 P. 2d 527.)

R. L. Busey, of Holdenville, for defendant.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Roy P. Parham, Co. Atty., of Okemah, of Okfuskee County, for the State.

BAREFOOT, J. Defendant, Bunny Harjo, was charged in Okfuskee county with the crime of driving an automobile while under the influence of intoxicating liquor. Upon his plea of guilty he was sentenced to serve a term of six months in the penitentiary, and he has appealed.

Defendant is a full-blood Creek Indian. He was charged by an information filed in Okfuskee county with the crime of driving an automobile while under the influence of intoxicating liquors, as follows:

"* * * a 1938 Model Pontiac Coupe, 1938 Oklahoma Tag No. 403-156, along a certain public highway, to wit: U. S. Highway No. 62, from a point on said highway where the same intersects North Fifth Street in the Town of Okemah, said county and state, to a point on said highway between North Fifth Street and North Fourth Street in said Town of Okemah. * * *"

Defendant was a resident of Creek county, Okla., and he employed a firm of lawyers from Holdenville in Hughes county to represent him, and they employed local counsel in Okemah, Okfuskee county, where he was charged. The record reveals that the defendant and his counsel appeared before the district court of Okfuskee county at Okemah on the 16th day of January, 1939; that at that time two cases were pending against the defendant. The record before us does not reveal what the other charge was. It appears from the record that there was an agreement between the attorneys representing defendant and the county attorney that one of the cases against the defendant would be and was dismissed, and that he would enter a plea of guilty in the other case, and that the county attorney would recommend to the court a fine of $200 and costs in that case. The presiding judge at no time agreed to this, but the pronouncing of judgment and sentence was by the court postponed until January 30, 1939. The record does not show any minutes as of January 30, 1939, but on February

4, 1939, counsel for defendant appeared and sentence was continued until February 18, 1939. On this date defendant did not appear in person, and his bond was forfeited and a bench warrant was ordered issued. There is nothing in the record to show whether the order forfeiting the bond was set aside by the court, but on the 4th day of March, 1939, defendant appeared in person before the court, but without an attorney and without an interpreter. He was at this time sentenced by the court to serve a term of six months in the penitentiary. On the 11th day of March, 1939, an attorney for defendant, who was not his attorney in the prior proceedings, filed an application on behalf of defendant asking that his plea of guilty be withdrawn and that he be permitted to enter a plea of not guilty. Evidence was taken upon this application, and that evidence appears in the record on file in this case. The application was by the court overruled, and it is this order from which defendant now appeals to this court, and also from the judgment and sentence of six months in the penitentiary assessed against him by the court.

The defendant was placed upon the witness stand and testified through an interpreter that he was a full-blood Creek Indian; that he could not speak English with any degree of certainty; that he did not know how to transact any business and that he thought they turned him loose when they let him go home; that he did not know the difference between pleading guilty and not guilty; that he knew they fined him $200, but that his money was tied up by the Indian Department and the lawyer was going to get it and pay the fine, but he could not get it; that he did not have any money himself; that he went before the court at the time he was sentenced by himself and did not have any lawyer; that he did not have any interpreter; that he talked to the court, but he did not understand what he said. He was asked:

"Q. Are you guilty of driving while drunk as charged in this court? A. I am not guilty. I have witnesses to that effect, but when I came here they put me in jail and I haven't had time to see my witnesses. Q. Do you want to be tried by a jury? A. Since you all want justice, I want justice myself, so I think that is the proper thing to do is for a jury trial."

He was cross-examined by the county attorney and admitted talking to the court, but the cross-examination did not reveal any difference in his testimony. He said that he had been arrested at Shawnee for being drunk since he had been charged at Okemah, and that he paid a fine of $42.50; that he told the court this:

"Q. Do you remember telling him how much fine you paid over there? A. I remember telling him that. They had a charge against me over there for being drunk. I was waiting on a fellow and they picked me up and charged me with being drunk, and I went over and paid it. * * * Q. Don't you know at that time after you plead guilty that your lawyer asked for an extension of time to sentence you and the sentence day was passed to another time. A. I don't know the difference between pleading guilty and pleading not guilty; I don't know the difference between that. Q. Didn't your lawyers tell you at that time that the sentence day had been continued at their request? A. He told me about that, and I thought they were turning me loose. Q. Did they tell you in Creek or did they tell you in English? A. He didn't just come out and tell me; he used the sign this way (indicating) that there wasn't nothing; so I don't know."

Jacob Alexander testified that he was an interpreter for Bunny Harjo, and when asked:

"Q. Do you know whether or not he speaks English well enough to deal with people and courts and be fully aware of what is going on? A. Colloquially, I think he understands; but when it comes to real business dealings, he is absolutely ignorant; that is, relative to business transactions."

This was all the evidence appearing in the record. The state did not offer any evidence. The court at the time of passing sentence upon defendant said:

"In this matter, if I were convinced that the defendant was in good faith in making the statements that he has made here, and that he couldn't understand English, I would gladly grant the application. But I am thoroughly convinced, after talking to him myself at the time he was sentenced and at the time he plead guilty, that he understood enough English, and I made it plain enough to him, that he distinctly understood what I meant. For that reason the application at this time is overruled.

"Mr. Busey: Exception. From which order the defendant gives notice in open court of his intention to appeal to the Criminal Court of Appeals."

In an early case before this court, Polk v. State, 26 Okla. Cr. 283, 224 P. 194, 205, which was a capital case, and where the defendant was given a life sentence, Judge Doyle in an elaborate opinion fully discussed the question of a defendant being sentenced upon a plea of guilty and the right or duty of the court to set the same aside upon motion. It is unnecessary to quote from this opinion in full. Some of the facts in that case are stronger than in the case at bar, but the reasoning is somewhat applicable to the facts here. In that case the court said:

"The general power of a court to reconsider its judgment and sentence, and reverse, vacate or modify it at any time during the term in which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put in operation, is undeniable. Bish. New. Cr. Proc. par. 1288, and cases cited. This power is inherent in all courts of record. Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L. R. A. (N. S.) 60.

"It follows that it is within the discretion of the trial court to vacate a judgment of conviction rendered on a plea of guilty and to permit the plea to be withdrawn. Heath v. State, 23 Okla. Cr. [382], 214 P. 1091.

"We think this rule is in accord with the principles of justice.

"In Swang v. State, 2 Cold. (Tenn.) 212, 88 Am. Dec. 593, it was held: .

"A 'plea of guilty may be withdrawn, and new trial awarded on the affidavit of the defendant with corroborating proof that such plea and the submission of his case were made through fear and official misrepresentations, and in ignorance of his rights.'

"In State v. Olson, 115 Minn. 153, 131 N. W. 1084, it was held:

" 'An application to be permitted to withdraw a plea of guilty to a criminal charge after judgment of conviction thereon is addressed to the sound discretion of the trial court.'

"In Krolage v. People, 224 Ill. 456, 79 N. E. 570, 8 Ann. Cas. 235, it was held:

" 'The defendant in a criminal prosecution should be permitted to withdraw his plea of guilty when unadvisedly given, where any reasonable ground is offered for going to the jury; and while this is a matter within the discretion of the court, the discretion is a judicial one which should always be exercised in favor of innocence and liberty.'

"And see People v. Manriquez, 188 Cal. 602, 206 P. 63, 20 A. L. R. 1441, and cases collated, annotation p. 1447.

"To the same effect see State v. Maresca, 85 Conn. 509, 83 A. 635, wherein the court said:

" 'If the accused * * * pleaded guilty, without fully understanding the significance and effect of his answers, and of his plea of guilty, the judgment and sentence should, under the circumstances, have been opened and the accused permitted to withdraw his plea of guilty.'

"In a criminal action a defendant has the right to plead guilty, and the effect of such a plea is to authorize a judgment of conviction and imposition of punishment as prescribed by law. The plea should be freely and voluntarily made by one competent to know the consequences,

and should not be induced by fear, persuasion, promises, or ignorance. In a certain sense pleas of guilty in criminal proceedings have been discouraged by the courts"

In that case evidence was put on by the state when the motion to set aside the judgment and sentence was presented, but in the instant case, no evidence was introduced by the state, and the only evidence is the evidence of the defendant.

Section 2961, Okla. Stats. 1931, Okla. St. Ann. title 22, § 517, provides:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted."

Under this section it has been held:

"A defendant in a criminal action should be permitted to withdraw his plea of guilty, given unadvisedly, either before or after judgment, where any reasonable ground is offered for going to the jury." Fromcke v. State, 37 Okla. Cr. 421, 258 P. 927.

In the case of Sloan v. State, 54 Okla. Cr. 324, 20 P. 2d 917, the court says:

"The general rule of law as stated by numerous decisions of this and other courts is that an application to withdraw a plea of guilty is addressed to the sound discretion of the trial court; that the law favors the trial of criminal cases on the merits and where it reasonably appears a plea of guilty was influenced by persons in authority or apparent authority which has led a defendant to believe that by entering a plea of guilty his punishment will be thereby mitigated he should be permitted to withdraw the plea of guilty and to enter a plea of not guilty and the refusal to permit him to do so is an abuse of discretion. Jenkins v. State, 6 Okla. Cr. 516, 120 P. 298; Polk v. State, 26 Okla. Cr. 283, 224 P. 194; Hart v. State, 29 Okla. Cr. 414, 233 P. 1095; Howington v. State, 30 Okla. Cr. 243, 235 P. 931; Cook v. State, 45 Okla. Cr. 69, 281 P.

819; Longenbaugh v. State, 47 Okla. Cr. 392, 288 P. 611; Kelley v. State, 48 Okla. Cr. 1, 288 P. 1001."

The court also further says:

"A defendant will not be permitted to trifle with the court by deliberately and advisedly entering a plea of guilty and then, if dissatisfied with the sentence, capriciously withdrawing it; particularly is this so when he has counsel when the guilty plea is entered. An agreement for a plea of guilty made between a defendant and the prosecuting officer should be carefully scrutinized, and, where it reasonably appears that a defendant is laboring under a misapprehension at the time he enters his plea of guilty and makes such fact known in apt time, he should be permitted to withdraw his plea of guilty and to enter a plea of not guilty."

See, also, Peterson v. State, 58 Okla. Cr. 391, 54 P. 2d 209; Porter v. State, 58 Okla. Cr. 54, 49 P. 2d 234.

Evidently the reason for the court's not carrying out the recommendation of the county attorney and the agreement of counsel in the instant case was, that the defendant had been arrested by the officers of Pottawatomie county for being drunk and had paid a fine of $42.50. This was after the charge had been filed against him in Okfuskee county. If he had been on trial, this evidence would not have been admissible against him.

The record does not disclose what the facts were with reference to the driving of the automobile by defendant while under the influence of intoxicating liquor. There is no allegation in the information that anyone was injured. We are of the opinion that justice will be done in this case by not reversing the same, but by modifying this judgment and sentence from six months in the penitentiary to a fine of $200 and costs. Defendant in his brief asks that this be done. This judgment and sentence carries with it, under the law, a mandatory canceling of the license

of the defendant to drive a car for a period not to exceed one year. With this punishment inflicted we believe that justice will be better subserved than to require this full-blood Creek Indian, who was unfamiliar with court procedure, and who by his evidence did not know the difference between a plea of guilty and not guilty, to be sent to the penitentiary for a period of six months.

It is therefore ordered that the judgment and sentence of the district court of Okfuskee county be modified from six months in the penitentiary to a fine of $200 and costs, and, as so modified, is affirmed.

DOYLE, P. J., concurs. JONES, J., not participating.