## PASCHAL SANDERS et al. v. STATE.

No. A-9786. April 30, 1941.

(113 P. 2d 198.)

Bishop, Bishop & Seay, of Seminole, and Billingsley & Kennerly, of Wewoka, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendants, Paschal Sanders and J. C. London, together with Jess Williams, were charged by information, on June 6, 1938, in the district court of Pottawatomie county with the crime of burglary in the second degree, and upon pleas of guilty were each sentenced to serve a term of three years in the State Penitentiary, from which judgment and sentence they appeal to this court.

The only contention of defendants is that the court erred in refusing to allow them to withdraw their pleas of guilty and enter pleas of not guilty for the reason that they have a defense, entrapment.

The record shows that on June 30, 1938, defendant Sanders entered his plea of not guilty; that he was granted

permission on April 6, 1939, to withdraw his plea of not guilty and to enter a plea of guilty; that at all times he was represented by counsel.

The defendant London, with advice of an attorney, entered a plea of guilty on April 11, 1939.

The time for pronouncing judgment and sentence against each of the defendants was postponed to June 5, 1939. On that date the defendants, through their counsel, advised the court that they wished to introduce evidence in mitigation of the offense charged against the defendants, and the court accordingly postponed the pronouncement of judgment and sentence to June 12, 1939.

On that date the defendants introduced testimony which tended to show that the former sheriff of Pottawatomie county had framed with one Roy Yoder to procure the defendants to burglarize a building so that the sheriff could catch them and secure publicity just before the primary election in 1938. The former sheriff denied the alleged entrapment.

After the court had heard all of the evidence, counsel for defendants requested permission to withdraw their pleas of guilty and enter pleas of not guilty for the reason the proof affirmatively showed that the defendants would not be guilty of the crime of burglary because of entrapment.

In denying their motion, the court made the following statement:

"The joint motion of the defendants just made to withdraw the former plea of guilty for the purpose of entering a plea of not guilty is denied for the following reasons:

"First, this case has been set for trial regularly at least twice before a jury. On the first occasion representation was made in court by the county attorney and the

then sheriff that these boys were aiding the officers in apprehending one Williams who had escaped from the Pottawatomie county jail. The court on the first occasion continued the case for that reason.

"On the second occasion when the case was set for trial both men were represented by counsel prior to the setting of the trial, and on a day prior to the day the cases were set for trial counsel approached the court and discussed the matter of withdrawing the former plea of not guilty for the purpose of entering a plea of guilty and—I may be wrong in this—stated to the court they would like to introduce some evidence in mitigation, suggesting an entrapment. The court granted that request for a hearing, and the same was continued from time to time until it came on for hearing this day, and on this day court convened at 10 o'clock in the morning and the witnesses were produced by the defendants and by the state until the hour of 3 o'clock, and no suggestion was made of withdrawing the former plea of guilty until after this testimony had been taken.

"The court believes these men have been adequately represented before this court for more than a year.

"The motion is therefore denied."

It has been held that where officers or those acting under them first suggest the commission of the criminal act or lure the accused into the commission of such acts, that sound public policy will not uphold a conviction. Warren v. State, 35 Okla. Cr. 430, 251 P. 101; Rider v. State, 53 Okla. Cr. 393, 12 P. 2d 552; Shouquette v. State, 25 Okla. Cr. 169, 219 P. 727; Wooten v. State, 70 Okla. Cr. 292, 106 P. 2d 132.

In Kemp v. State, 35 Okla. Cr. 128, 248 P. 1116, 1118, this court said:

"It has been the uniform holding of this court that, where a plea of guilty is entered through inadvertence, ignorance, or without deliberation, the court should be liberal in permitting it to be withdrawn and a plea of not

guilty substituted. * * * Where the court fails to fully advise a defendant of his rights and the consequences of his plea, and through ignorance, inadvertence, or influence a plea of guilty is entered, and application to withdraw is made before judgment, the court should permit it to be withdrawn." Sloan v. State, 54 Okla. Cr. 324, 20 P. 2d 917; Jenkins v. State, 6 Okla. Cr. 516, 120 P. 298.

In the case of McAtee v. State, 39 Okla. Cr. 10, 262 P. 703, the accused, represented by counsel, upon arraignment entered a plea of not guilty with the understanding that a demurrer to the information was to be filed and considered. When the case came on for trial more than a year later, defendant asked leave to withdraw his plea of not guilty, which the court permitted. The demurrer to the information was overruled, and the court directed that the former plea of not guilty be again entered. Defendant then asked to withdraw the plea of not guilty and enter a plea of guilty, which motion was granted. A few days later defendant requested the court to allow him to withdraw his plea of guilty and enter a plea of not guilty for the reason that he had been led by counsel to believe that he did not have a defense, but was at that time of the opinion that he had a good defense. The court, upon the day set for judgment and sentence, heard testimony of the defendant upon his motion, overruled the same, and sentenced defendant.

It was held in that case:

"The granting or denying of permission to withdraw a plea of guilty, and to substitute a plea of not guilty, is a matter within the sound discretion of the trial court, and its action must be upheld unless an abuse of such discretion clearly appears." Rudolph v. State, 32 Okla. Cr. 265, 240 P. 761.

This court stated in Hart v. State, 29 Okla. Cr. 414, 233 P. 1095, 1096:

"A defendant should not be allowed to trifle with the court by deliberately entering a plea of guilty one day, and capriciously withdrawing it on the day set for pronouncing judgment. * * *"

The decisions of this court clearly state that in order to uphold the contention of an accused that a trial court has abused his discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty substituted therefor, it must be apparent from the record that the plea has been made unadvisedly, through ignorance, inadvertence, influence, or without deliberation, and that there is a defense that should be presented to a jury.

The defendants and their counsel knew at the time the pleas of guilty were entered what the testimony would show as to the alleged entrapment. Counsel for defendants were thoroughly familiar with the law regarding the defense of entrapment. The defendants have a defense that could be presented to the jury; but after a year's deliberation, at all times with the advice and assistance of counsel, it is apparent that the defendants acted deliberately, and not through ignorance, inadvertence or influence. Under the facts presented by this record, we do not think that the trial court abused his discretion in denying their application to withdraw their pleas of guilty.

On the other hand, it appears that the defendants, while they were out on bond, were of material assistance to the officers of Pottawatomie county in their endeavor to capture an escaped convict. The former record of each of the defendants is bad; but owing to the assistance which they rendered to the chief of police of Seminole and the sheriff of Pottawatomie county, and the fact that these officers indicated in their testimony that they had extended promises to the defendants to do all in their power to secure leniency for them in the burglary case involved

herein, we feel that the ends of justice would best be met by modifying the sentence imposed upon the defendants to two years in the State Penitentiary.

It is therefore ordered that the sentence of three years in the State Penitentiary be modified and reduced to two years in the State Penitentiary, and the judgment and sentence of the district court of Pottawatomie county, as thus modified, is accordingly affirmed.

BAREFOOT, P. J., concurs.   DOYLE, J., absent.