Howard Lee VOEGEL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12053.

Criminal Court of Appeals of Oklahoma.

Nov. 10, 1954.

Rehearing Denied Dec. 15, 1954.

Frank M. Massad, Wayne E. Wheeling, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam. H. Lattimore Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Howard Lee Voegel, Douglas J. Neeley and Billy Don Morgan were jointly charged in the district court of Oklahoma County with the crime of robbery with firearms. The defendants each waived a preliminary hearing, were bound over to answer the charge in the district court, and were admitted to bail.

Voegel, the appellant here, and Neeley were arraigned in the district court on November 5, 1953 and entered pleas of not guilty, but on November 18, 1953 they withdrew their former pleas, entered pleas of guilty, and sentence date was set for November 23.

On the date set, Howard Lee Voegel, hereinafter referred to as defendant, appeared in court and was sentenced to serve a term of five years in the Oklahoma State Penitentiary. No notice was given and there was no order extending time to make and serve casemade. The time expired on December 8, 1953. On December 3, 1953 there came on for hearing a "Motion to Withdraw Plea and for New Trial." The motion was overruled, and notice of appeal given, and there is a notation: "30–3–3 days allowed to make and serve casemade". Un-der the provisions of a later order filed, the defendant was granted until January 2, 1954 in which to make and serve casemade. There was no attempt made to serve casemade until February 3, 1954. Therefore, the appeal could not be by casemade, and the record was certified as a transcript.

The appeal is without merit for two reasons: First, the granting or revoking of a suspended sentence being discretionary with the trial court, this court will not interfere with the exercise of that discretion. Tit. 22 O.S.1951 §§ 991, 992; Leasure v. State, Okl.Cr., 275 P.2d 344; Ex parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162; Shannon v. State, Okl.Cr., 256 P.2d 475. Second, the contention that after the sentence had been pronounced on November 23, 1953 the court possessed authority at a later date to suspend the execution of the same can not be sustained.

As stated in Ex parte Boyd, supra [73 Okl.Cr. 441, 122 P.2d 170];

"In Oklahoma, in accordance with our statute, the sentence is pronounced, and at the same time and as a part of the sentence the court may in its own discretion make provision that the execution of the sentence be suspended upon the conditions set forth in the statute."

Tit. 22 O.S.1951 § 991.

To hold that after a judgment had been pronounced, and where the court at the time did not suspend the same, that the court could at some later date suspend the same would in effect constitute an infringement upon the pardon and parole power of the Governor.

Counsel for the defendant is correct in his argument that the trial court had jurisdiction to set aside the judgment of the 23 day of November, 1953. See: Tit. 22 O.S.1951 § 517; Powell v. State, 94 Okl.Cr. 1, 229 P.2d 230; Peterson v. State, 58 Okl. Cr. 391, 54 P.2d 209; Factor v. State, 49 Okl.Cr. 308, 294 P. 206; Vaughn v. State, 47 Okl.Cr. 258, 288 P. 349; Rudolph v. State, 32 Okl.Cr. 265, 240 P. 761; Hart v. State, 29 Okl.Cr. 414, 233 P. 1095; McConnell v. State, 18 Okl.Cr. 688, 197 P. 521;

Jenkins v. State, 6 Okl.Cr. 516, 120 P. 298; Rupert v. State, 9 Okl.Cr. 226, 131 P. 713, 45 L.R.A.,N.S., 60.

 If the trial court had set aside its judgment of November 23, 1953 and had granted the defendant a new trial as authorized by the provisions of Tit. 12 O.S. 1951 §§ 1031, 653, and a new judgment of conviction had been entered, the court in its discretion and at the time of pronouncing judgment might have suspended the same.

There are numerous cases by this court holding where after a defendant entered his plea of guilty and was sentenced by the court, and where the defendant subsequently sought to have the judgment vacated and to be permitted to withdraw his plea of guilty and to enter a plea of not guilty and have the privilege of trial, a denial by the trial court of such application was held to constitute error. See Polk v. State, 26 Okl. Cr. 283, 224 P. 194; Rupert v. State, supra; Brown v. State, 39 Okl.Cr. 406, 266 P. 476; Kelley v. State, 48 Okl.Cr. 1, 288 P. 1001.

But we have seen that the appeal here has been by transcript and not by case-made. This court has often said that in an appeal by transcript errors which require an examination of the evidence taken at the trial will not be considered on appeal. Sparks v. State, 72 Okl.Cr. 283, 115 P.2d 277. There are allegations in the motion in question that if true should have received serious consideration by the trial court. But bare assertion without evidence in the record to support the same could not benefit the defendant. No evidence is before this court that would enable it to determine whether or not the trial court abused its discretion in refusing to set aside the judgment in question, and in refusing to permit the defendant to withdraw his plea of guilty and to stand trial on the merits of the case.

It is true that on a plea of guilty ordinarily no evidence is presented. However, there might have been some recommendation of the county attorney, or statement made by him. The defendant could have made some statement. Also, at the time the motion to withdraw plea and for new trial came on for hearing on December 3, 1953 counsel for the defendant in support of his motion dictated certain matters into the record, and then a colloquy took place between counsel and the county attorney. The court also made a statement. By statutory provision, Tit. 22 O.S.1951 § 977, in an appeal by transcript this court is limited to a consideration of the record proper, and being (1) The indictment and a copy of the minutes of the plea or demurrer; (2) A copy of the minutes of the trial; (3) The charges given or refused, and the indorsements, if any, thereon; and (4) A copy of the judgment.

By reason of the foregoing, the judgment of the district court of Oklahoma County is affirmed.

JONES and BRETT, JJ., concur.